## MEASUREMENT OF THE DISTANCE PUPILS MUST TRAVEL TO SCHOOL.

Common Pleas Court of Hamilton County.

BOARD OF EDUCATION OF BLUE ASH SPECIAL SCHOOL DISTRICT No. 16, SYCAMORE TOWNSHIP, v. BOARD OF EDUCATION OF CONCORD SPECIAL SCHOOL DISTRICT No. 8, SYCAMORE TOWNSHIP.

Decided, January, 1911.

*Schools—Transfer of Pupils to the Nearest Public School—How the Distance Should be Measured—Section 7735.*

In determining the distance pupils of a public school must travel in going from their home to the school house, the measurement should begin at the exit from the curtilage and run thence along the most direct established route by lane or path to the nearest highway and then follow the center line of the highway to the door of the school house.

*Chas. W. Hoffman,* for plaintiff.
*H. H. Hosbrook,* contra.

WOODMANSEE, J.

The plaintiff seeks to recover from the defendant compensation, by way of tuition, for three pupils who reside in the district of the defendant, and who for a series of months stated in the petition attended the school maintained by the plaintiff.

The action is brought under the provision of Section 7735 of the General Code, which reads as follows:

"When pupils live more than one and one-half miles from the school to which they are assigned in the district where they reside, they may attend a nearer school in the same district; or, if there be none nearer therein, then the nearest school in another school district, in all grades below the high school. In such cases, the board of education of the district in which they reside must pay the tuition of such pupils without agreement to that effect. But a board of education shall not collect tuition for such attendance until after notice thereof has been given to the board of education of the district where the pupils reside. Nothing herein shall require the consent of the board of education of the district where the pupils reside to such attendance."

The agreed statement of facts in this case discloses that the distance from the school house in the Concord special school district to the home of the children, "as the crow flies," is less than one and a half miles. This statement also discloses that the distance from the nearest corner of the school ground surrounding the school house to the residence of the children, measured along the most direct public highway and the lane or private right-of-way leading to the residence of said children, is less than one and a half miles. It is also agreed that the distance from the central entrance to the yard surrounding the school house, along the highway and the lane leading to the residence of the said children, is more than one and one-half miles; and that the distance measured from the school building itself to the intersection of the highway with the said lane, is more than one and one-half miles.

It is doubtful if in the entire state of Ohio another such condition exists. The question for the court to determine, in applying the statute in question in this and like cases is, to establish the rule of law as to how the measurement shall be made.

It would not be proper to measure the distance on a straight line, "as the crow flies," across the fields, as the children, without the consent of the owners of the fields, would thereby become trespassers. Besides, under the provisions of the statutes of Ohio, children who reside in school districts in the country, living more than one half mile from the school, and residing at not a greater distance than one half mile from a public highway, are entitled to be carried to school in a public conveyance, at the expense of the school fund in the district. Necessarily they would be carried thus along the highway. And, whether the children go by public or private conveyance, or whether they walk to and from school, they are expected to go by the most direct and convenient highway, and the length of that course determines the distance from home to school.

Therefore, the ruling of the court is that, in estimating the distance from the home to the school, the measurement begins at the exit from the curtilage—ordinarily the front gate—from which, if it is not on the highway, thence along the most direct established route, by lane or path, to the nearest highway, thence following the center line of the most direct course in the highway to the door of the school building.

Applying this rule to the case at bar, the court finds that the residence of the three Ferris children in question is more than one and one-half miles from the Concord special school district, and having, for that reason, attended the Blue Ash special school district, the latter district is entitled, under the statute, to be compensated for the time they have so attended said school, after notice in compliance with the statute; and the order of the court will be for the payment of the same.